The People of the State of New York ex rel. Louise C. Redfield, Relator, v. Joseph Murray and Others, as Commissioners of Excise for the City and County of New York, Respondents.

*Board of excise — reconsideration of a decision refusing a license — protests against the granting of a license — notice to the party protesting — Laws of 1892, chap. 401.*

A board of excise, created by chapter 401 of the Laws of 1892, is a continuing tribunal and may reconsider its decision in refusing a license, and subsequently grant one.

A property holder who, in the first instance, files with such board a protest against the granting of a license, does not, by such filing, become a party to the proceeding. He is not entitled to any notice of the reconsideration by the board of excise of a former decision refusing to grant the license.

Certiorari issued out of the Supreme Court and attested on the 26th day of March, 1895, directed to Joseph Murray, Charles H.

Woodman and Julius Harburger, composing the board of excise of the city and county of New York, commanding them to certify and return to the office of the clerk of the county of New York their proceedings with reference to an application by Patrick Duffy for a license to sell liquors.

The Excise Law, the construction of which was in question in this proceeding, is found in chapter 401 of the Laws of 1892.

*Robert L. Redfield,* for the relator.

*Alfred R. Page,* for the respondents.

VAN BRUNT, P. J.:

In August, 1894, one Patrick Duffy made an application for an excise license for the building No. 850 Sixth avenue in the city of New York, and complied with the requirements of the law in making such application. Protests were filed with the board of excise against the granting of the license by the relator and others, and on the 27th of September, 1894, the board of excise rejected the application and refused the license; but on the 23d of February, 1895, without any notice to the relator, the board reconsidered its action and granted the license. This writ of certiorari was thereupon sued out by the relator, a property holder in the vicinity, for the purpose of reviewing the action of the board of excise.

The board of excise being a continuing tribunal, and having jurisdiction of the subject of granting excise licenses, and having certainly the power to have entertained a new application and granted the license, we see no reason why it could not reconsider its decision and grant the license although it had previously refused so to do. Its powers are entirely different from those of a tribunal whose functions are exhausted by exercise. As has already been stated, it is a continuing board having a continuous power to act upon the subject of licenses. With the propriety of the granting of the license in controversy this court has nothing to do. It can only consider the question as to whether the board was without jurisdiction in the action which it took. The only right of review given by the statute is in the case of the refusal of a license.

It is claimed, however, that the reconsideration by the board of its previous action, and the granting of the license thereupon, was

without authority because it was done without notice to the relator, who, it is claimed, by the filing of a protest with the board of excise, had become a party to this proceeding.    But we find nothing in the statute which justifies any such claim.    The law does not require the board to give notice to persons who may file objections to the granting of a license ; and, therefore, the failure to give such notice in respect to its action could not in any manner affect its validity.

The writ should be dismissed, with costs.

FOLLETT and O'BRIEN, JJ., concurred.

Writ dismissed, with costs.